acts alleged against him. All without prejudice, however, to a proceeding *de novo* regularly brought as prescribed by charter. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred.

RINEHART & DENNIS COMPANY, Respondent, v. HARRY J. COLLIER and Another, Copartners, etc., Defendants, Impleaded with EQUITABLE SURETY COMPANY, Appellant.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.

GERTRUDE M. ROWE, Respondent, v. GEORGE W. SNYDER, Appellant, and PENNSYLVANIA RAILROAD COMPANY, Defendant.— Order modified by striking therefrom the condition requiring the defendant, appellant, to give an undertaking, and so as to permit him within twenty days after notice of entry of the order of this court on this appeal to withdraw his demurrer and answer the complaint upon payment of twenty dollars costs; in which event said order as so modified is affirmed, without costs, on the ground that upon the allegations of the complaint the plaintiff is entitled to recover at least the seventy dollars which she paid for the expenses of bringing her daughters from the school in Virginia to her home in New York city in December, 1914. As to any further claim on the part of the plaintiff we do not decide. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.

ANNA F. SANFORD, Appellant, v. CHARLOTTE LE ROY LINDLEY and Others, Appellants, Impleaded with RULEF VAN BRUNT and Others, Defendants, and TOWN OF BABYLON, Respondent. (Action No. 1.) — Judgment affirmed, with costs. Assuming, without deciding, that section 960 of the Code of Civil Procedure is available in an action specified in the section, in which a town is a party defendant, defendant the Town of Babylon established its title to the property described in the complaint and thereby overcame the presumption created by the section. We do not deem it necessary to refer to any other point discussed by any of the appellants. Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ., concurred.

HENRIETTA SCHINZEL, Respondent, v. R. F. STEVENS MILK COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Stapleton, Rich, Putnam and Blackmar, JJ., concurred; Jenks, P. J., not voting.

EDWIN S. SEARING, Appellant, v. SAXON MOTOR SALES COMPANY OF BROOKLYN and GEORGE T. THEOBALD, Respondents.— Order affirmed, with costs to the defendants to abide the event. No opinion. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred.

SHIPLEY CONSTRUCTION AND SUPPLY COMPANY, Plaintiff, v. JAMES HANSE and Others, Copartners, etc., Defendants.— Exceptions overruled and judgment directed for plaintiff on the verdict, with costs. No opinion. Thomas, Stapleton, Mills, Putnam and Blackmar, JJ., concurred.

GEORGE STARK, as Administrator, etc., of ERNESTINE STARK, Deceased, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event. The learned trial court charged that if at the time the deceased stepped from the platform and started to cross over to the gate, the gate was

in the act of being closed, it was contributory negligence as matter of law. The facts incorporated in this charge were established by the uncontradicted testimony of witnesses whose credibility was unimpeached. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.